I do not find GM's argument in this case inconsistent with its argument in General Motors Corp. v. Stokes, 850 So.2d 1239
(Ala. 2002).
However, I would affirm the judgment of the trial court. This case is the mirror image of Cavalier Mfg., Inc. v. Clarke,862 So.2d 634 (Ala. 2003). The relocation agreement provides: "This Agreement will survive the execution of the Dealer Agreement, permitting Dealer to conduct Dealership Operations at the Property. . . ." The Oldsmobile dealer agreement the parties executed approximately six months after the relocation agreement provides, in pertinent part:
 "Except as provided in the Agreement or in any other unexpired written agreements executed by both parties . . . there are no other agreements or understandings, either oral or written, between the parties affecting this Agreement or relating to any of the subject matters covered by this Agreement."
(Emphasis added.)
In Cavalier Manufacturing, this Court held that "[w]hen parties execute successive agreements and the `two agreements cover the same subject matter and include inconsistent terms, the later agreement supersedes the earlier agreement.'" 862 So.2d 641 at (quoting CMI Int'l, Inc. v. Intermet Int'l Corp.,251 Mich.App. 125, 130, 649 N.W.2d 808, 812 (2002)).
The relocation agreement calls for mandatory arbitration. The dealer agreement, while not expressly preempting any non-conflicting *Page 125 
provision of the relocation agreement, did trump the conflicting arbitration provision in the relocation agreement, because the relocation agreement provides for voluntary arbitration and the Stokeses did not agree to arbitrate. Therefore, I would affirm.